JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Teriq Coleman | Cornell Abraxas Group, LLC and The GEO Group, INC. |

**(b)** County of Residence of First Listed Plaintiff    Dauphin
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Allegheny
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Wesley Cornish, Cornerstone Legal Group 230 S Broad St, 17th FL Philadelphia, PA 19102 P:888-313-1385

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance<br>[ ] 120 Marine<br>[ ] 130 Miller Act<br>[ ] 140 Negotiable Instrument<br>[ ] 150 Recovery of Overpayment & Enforcement of Judgment<br>[ ] 151 Medicare Act<br>[ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>[ ] 153 Recovery of Overpayment of Veteran's Benefits<br>[ ] 160 Stockholders' Suits<br>[ ] 190 Other Contract<br>[ ] 195 Contract Product Liability<br>[ ] 196 Franchise | **PERSONAL INJURY**<br>[ ] 310 Airplane<br>[ ] 315 Airplane Product Liability<br>[ ] 320 Assault, Libel & Slander<br>[ ] 330 Federal Employers' Liability<br>[ ] 340 Marine<br>[ ] 345 Marine Product Liability<br>[ ] 350 Motor Vehicle<br>[ ] 355 Motor Vehicle Product Liability<br>[ ] 360 Other Personal Injury<br>[ ] 362 Personal Injury - Medical Malpractice | [ ] 625 Drug Related Seizure of Property 21 USC 881<br>[ ] 690 Other | [ ] 422 Appeal 28 USC 158<br>[ ] 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>[ ] 820 Copyrights<br>[ ] 830 Patent<br>[ ] 835 Patent - Abbreviated New Drug Application<br>[ ] 840 Trademark<br>[ ] 880 Defend Trade Secrets Act of 2016 | [ ] 375 False Claims Act<br>[ ] 376 Qui Tam (31 USC 3729(a))<br>[ ] 400 State Reapportionment<br>[ ] 410 Antitrust<br>[ ] 430 Banks and Banking<br>[ ] 450 Commerce<br>[ ] 460 Deportation<br>[ ] 470 Racketeer Influenced and Corrupt Organizations<br>[ ] 480 Consumer Credit (15 USC 1681 or 1692)<br>[ ] 485 Telephone Consumer Protection Act<br>[ ] 490 Cable/Sat TV<br>[ ] 850 Securities/Commodities/ Exchange<br>[ ] 890 Other Statutory Actions |
| | **PERSONAL INJURY**<br>[ ] 365 Personal Injury - Product Liability<br>[ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>[ ] 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>[ ] 370 Other Fraud<br>[ ] 371 Truth in Lending<br>[ ] 380 Other Personal Property Damage<br>[ ] 385 Property Damage Product Liability | **LABOR**<br>[ ] 710 Fair Labor Standards Act<br>[ ] 720 Labor/Management Relations<br>[ ] 740 Railway Labor Act<br>[ ] 751 Family and Medical Leave Act<br>[ ] 790 Other Labor Litigation<br>[ ] 791 Employee Retirement Income Security Act | **SOCIAL SECURITY**<br>[ ] 861 HIA (1395ff)<br>[ ] 862 Black Lung (923)<br>[ ] 863 DIWC/DIWW (405(g))<br>[ ] 864 SSID Title XVI<br>[ ] 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>[ ] 870 Taxes (U.S. Plaintiff or Defendant)<br>[ ] 871 IRS—Third Party 26 USC 7609 | [ ] 891 Agricultural Acts<br>[ ] 893 Environmental Matters<br>[ ] 895 Freedom of Information Act<br>[ ] 896 Arbitration<br>[ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>[ ] 950 Constitutionality of State Statutes |
| **REAL PROPERTY**<br>[ ] 210 Land Condemnation<br>[ ] 220 Foreclosure<br>[ ] 230 Rent Lease & Ejectment<br>[ ] 240 Torts to Land<br>[ ] 245 Tort Product Liability<br>[ ] 290 All Other Real Property | **CIVIL RIGHTS**<br>[X] 440 Other Civil Rights<br>[ ] 441 Voting<br>[ ] 442 Employment<br>[ ] 443 Housing/ Accommodations<br>[ ] 445 Amer. w/Disabilities - Employment<br>[ ] 446 Amer. w/Disabilities - Other<br>[ ] 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>[ ] 463 Alien Detainee<br>[ ] 510 Motions to Vacate Sentence<br>[ ] 530 General<br>[ ] 535 Death Penalty<br>**Other:**<br>[ ] 540 Mandamus & Other<br>[ ] 550 Civil Rights<br>[ ] 555 Prison Condition<br>[ ] 560 Civil Detainee - Conditions of Confinement | **IMMIGRATION**<br>[ ] 462 Naturalization Application<br>[ ] 465 Other Immigration Actions | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 1983, et al.,

Brief description of cause:
Deprivation of Federal Civil Rights

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE
March 7, 2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 291 Wyatt Road, Harrisburg, PA 17104 _____

Address of Defendant: _____ 2840 Liberty Avenue, Suite 300 Pittsburgh, Pennsylvania 15222 _____

Place of Accident, Incident or Transaction: _____ 1000 Academy Dr, Morgantown, PA 19543 _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? — Yes [ ] No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? — Yes [ ] No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? — Yes [ ] No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? — Yes [ ] No [✓]

I certify that, to my knowledge, the within case [ ] is / [■] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 03/07/2026 _____ Must sign here _____ 310865

*Attorney-at-Law / Pro Se Plaintiff* _____ *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

- [ ] 1. Indemnity Contract, Marine Contract, and All Other Contracts
- [ ] 2. FELA
- [ ] 3. Jones Act-Personal Injury
- [ ] 4. Antitrust
- [ ] 5. Patent
- [ ] 6. Labor-Management Relations
- [✓] 7. Civil Rights
- [ ] 8. Habeas Corpus
- [ ] 9. Securities Act(s) Cases
- [ ] 10. Social Security Review Cases
- [ ] 11. All other Federal Question Cases
  *(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*

- [ ] 1. Insurance Contract and Other Contracts
- [ ] 2. Airplane Personal Injury
- [ ] 3. Assault, Defamation
- [ ] 4. Marine Personal Injury
- [ ] 5. Motor Vehicle Personal Injury
- [ ] 6. Other Personal Injury *(Please specify):* _____
- [ ] 7. Products Liability
- [ ] 8. Products Liability – Asbestos
- [ ] 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, David Wesley Cornish , counsel of record *or* pro se plaintiff, do hereby certify:

- [✓] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

- [ ] Relief other than monetary damages is sought.

DATE: 03/07/2026 _____ Sign here if applicable _____ 310865

*Attorney-at-Law / Pro Se Plaintiff* _____ *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

| | | |
|---|---|---|
| Teriq Coleman (Plaintiff) | : | United States District Court |
| | : | Eastern District of Pennsylvania |
| vs. | : | |
| | : | |
| Cornell Abraxas Group, LLC, and | : | Civil Division – Civil Rights |
| The GEO Group Inc., (Defendants). | : | Case No.: _____ |

## COMPLAINT

**AND NOW** come the Plaintiff, Teriq Coleman, via his attorney, David Wesley Cornish, Esquire and Cornerstone Legal Group, files the within Complaint and in support thereof avers the following:

### I.    Introduction

1. Treatment and rehabilitation centers have an inherent responsibility to maintain honesty, integrity, and inclusiveness within their walls. These treatment facilities perform an important job of taking at-risk youth and guiding them towards a productive future, cultivating senses of hope, friendliness, and enthusiasm that the clients will take with them once they leave the facility.

2. This inherent responsibility is shattered once such a facility fails to maintain such an environment. More emphatically, an even greater evil is committed when the treatment and rehabilitation center play an active and direct role by promoting and allowing reprehensible methods of rehabilitation. These methods, when condoned either by action or inaction by these centers, irreparably harms those at-risk individuals who willingly, or unwillingly, enter into these facilities seeking help.

3. Thus, the facility acts as an arm of the Commonwealth, providing a core public function, and is a state actor for purposes of liability under 42 U.S.C. § 1983.

4. The young, at-risk clients placed under the care of Cornell Abraxas Group, LLC., and The GEO Group Inc., ("Abraxas"), which was a facility operated and staffed by all the named Defendants, who sought treatment and behavioral health services suffered an immeasurable amount of trauma and mistreatment

due to the inexcusable culture Abraxas cultivated, embodied by its employees, staff, agents, contractors, and volunteers.

5. The Plaintiff brings claims against the above-named Defendant for various torts and other injuries caused to him during his residency.

## II.    Parties

6. Plaintiff, **Teriq Coleman** is an adult individual and resident of the Commonwealth of Pennsylvania.

7. Defendant, **Cornell Abraxas Group, LLC, ("Abraxas")** with a corporate office at 2840 Liberty Avenue, Suite 300, Pittsburgh, Pennsylvania 15222.

8. Defendant, **The GEO Group Inc., ("GEO Group")** with a corporate office at 4955 Technology Way Boca Raton, FL 33431.

9. The above-named Plaintiff brings claims against the above-named Defendant for Respondeat Superior, negligence, and negligent hiring, supervision, and retention.

## III.    Facts

10. Abraxas receives "clients" as part of a referral program wherein delinquent youths are legally sent to a specific Abraxas facility as part of a rehabilitation or treatment process. Abraxas conducts a *Prospective Client Interview* which includes the reason for the referral and determines, based on other factors, whether the client is fit for the recommended program. Abraxas is a treatment center that serves almost exclusively legally referred clients. Abraxas had numerous facilities across the Commonwealth of Pennsylvania with a corporate headquarters in Allegheny County.

### *Teriq Coleman's Experience*

11. Plaintiff was court-ordered to reside at Abraxas.

12. At all times relevant hereto, Plaintiff was a victim of abuse during his time at Defendant Abraxas's facility by its staff members.

13. Plaintiff avers Defendant knew or should have known that its employee(s) had committed acts of abuse upon one or more of the other residents of its facility(ies) prior to the time that plaintiff herein was subjected to the acts of abuse that are the subject of this filing.

14. Plaintiff describes the following incidents involving assault while he was housed at the Defendant's facility:

   a. Plaintiff was court ordered to live at Abraxas Academy when he was a juvenile, although he does not recall his exact dates of admission, residency, and/or discharge, and believes it was between approximately 2019-2020 when he was approximately 16-17 years old.

   b. Plaintiff believes he resided at Abraxas Academy for at least part of his commitment to Abraxas.

   c. **Ms. McLaughlin, Ms. Sorcelli, Ms. Williams, Mr. Johnson, Mr. Griffith, Ms. Diadamo, and Canella,** were staff members assigned to care for and maintain Plaintiff's safety while Plaintiff resided at Abraxas Academy.

   d. **Ms. McLaughlin and Ms. Sorcelli,** on more than one instance, in an almost identical manner, sexually abused Plaintiff by forcing the Plaintiff to perform oral sex with them on the 3rd floor of the laundry room in exchange for granting the Plaintiff extra phone calls to his family and also for good behavior reports.

   e. **Ms. Williams,** would also force the Plaintiff to her office and make him place his fingers inside her vagina until she was sexually aroused and "satisfied" and then force Plaintiff to put his fingers in Plaintiff's mouth, with this sexual abuse occurring in an almost identical manner on multiple instances, and if Plaintiff did not comply, Plaintiff would not be recommended for discharge from Abraxas.

   f. On other multiple occasions, **Mr. Johnson and Mr. Griffith**, would smack the Plaintiff butt during gym activities and then isolate him from other youths to watch him shower.

g. On one occasion, **Mr. Johnson** required the Plaintiff to masturbate himself in the shower area was prevented by **Mr. Johnson** from leaving until the Plaintiff visibly ejaculated.

h. On other occasions, **Ms. Diadamo**, would require the Plaintiff to come to her office and would then, rub and fondle his penis until he was erect, then **Ms. Diadamo** would require him to take off his pants and **Ms. Diadamo**, would then fondle and grope the Plaintiff's genitals and then place Plaintiff's genitals into her mouth while verbalizing "cum in my mouth daddy." After these sexual abuse incidents, the Plaintiff would be given extra phone calls and extra snacks.

i. In two separate occasions, in the laundry room, female staff member **Canella**, sexually groped and fondled the Plaintiff's genitals.

j. During the first occasion, **Canella,** forced the Plaintiff to place his hands inside her pants while kissing and groping his genitals and forcing him to insert his fingers into her vagina.

k. On the second occasion, **Canella,** placed her hands inside the Plaintiff's pants while fondling his genitals and attempted to force Plaintiff to engage in vaginal intercourse yet due to hearing sounds from outside the area aborted her attempt to rape Plaintiff.

l. The Plaintiff tried to stop and resist these multiple staff members from sexually abusing him, yet was scared if he did so he would provide negative information about Plaintiff's oversight authorities which could jeopardize his ability to be released from Abraxas' custody as when the Plaintiff attempted to tell a staff member about his child abuse he was immediately threaten to never report it or he would suffer significant consequences from each person.

15. Specifically, regarding staff member(s) **Ms. McLaughlin, Ms. Sorcelli, Ms. Williams, Mr. Johnson, Mr. Griffith, Ms. Diadamo, and Canella,** it is averred the physical contact made with Plaintiff's body was indecent contact for the purpose of arousing the aforementioned individual(s).

16. The supervisors, employees, administrators, and/or staff members implicated who directly caused the harm to Plaintiff and/or threatened Plaintiff were acting within the scope of their duties as counselors and caretakers to Plaintiff.

17. It is averred Defendant's staff, supervisors, administrators, and employees actively discouraged and prevented disclosure to third-parties about any claims of child abuse against any staff member at any facility operated by the Defendant.

**COUNT 1 – Violations of 42 U.S.C. § 1983 – (Teriq Coleman v Cornell Abraxas Group, LLC)**

18. Plaintiffs allege and incorporates via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

19. The Fourth, Eighth, and Fourteenth Amendments to the United States Constitution protect Plaintiffs and the Class from physical abuse and unreasonable or excessive force from Defendants. These Amendments also require Defendants to establish policies and practices to protect Plaintiffs and the Class from known harms and known patterns of constitutional deprivations.

20. The facility failed, with deliberate indifference, to provide a safe custodial setting for Plaintiff, by failing to properly train, supervise, and discipline the staff at the facility and as a proximate result of the policies, practices, and customs, the Defendants subjected Plaintiff to excessive and unreasonable force, a failure to protect from harm, and other abuses alleged in this Complaint.

21. Defendants are liable to Plaintiffs and the Class under 42 U.S.C. § 1983 and the Fourth, Eighth, and Fourteenth Amendments.

**WHEREFORE,** Plaintiff Teriq Coleman demands judgement against Defendant, Abraxas, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

**COUNT 2 – Violations of 42 U.S.C. § 1983 – (Teriq Coleman v The GEO Group, Inc.)**

22. Plaintiffs allege and incorporates via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

23. The Fourth, Eighth, and Fourteenth Amendments to the United States Constitution protect Plaintiffs and the Class from physical abuse and unreasonable or excessive force from Defendants. These Amendments also require Defendants to establish policies and practices to protect Plaintiffs and the Class from known harms and known patterns of constitutional deprivations.

24. The facility failed, with deliberate indifference, to provide a safe custodial setting for Plaintiff, by failing to properly train, supervise, and discipline the staff at the facility and as a proximate result of the policies, practices, and customs, the Defendants subjected Plaintiff to excessive and unreasonable force, a failure to protect from harm, and other abuses alleged in this Complaint.

25. Defendants are liable to Plaintiffs and the Class under 42 U.S.C. § 1983 and the Fourth, Eighth, and Fourteenth Amendments.

**WHEREFORE,** Plaintiff Teriq Coleman demands judgement against Defendant, Abraxas, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

### Count 3 – Negligence (Teriq Coleman v. Cornell Abraxas Group, LLC)

26. Plaintiff hereby incorporates all preceding paragraphs by reference as if set forth fully herein.

27. The Defendant and its staff members had a duty to report child abuse when a reasonable belief exists it occurred, and the Defendant breached this duty and failed to notify the proper authorities about the Plaintiff's abuse as required by 55 Pa.C.S.A. §3680 *et seq*; 55 Pa.C.S.A. §3800 *et seq*; and all other applicable child abuse reporting requirement laws related to mandatory abuse reporters and applicable to Defendant's facility.

28. The damages sustained by Plaintiff Teriq Coleman were directly, and proximately caused by the carelessness, negligence, and/or recklessness of the Defendant at the Abraxas facility in the following particulars:

    a.  In failing to maintain a reasonably safe environment for the patients and juveniles of the facility;

    b.  In failing to recognize, stop, and deter the employees and staff created an environment where employees and staff were allowed to perform the activities alleged in this pleading;

    c.  In allowing staff and employees who Defendant knew or reasonably should have known to be inappropriate to have access to juvenile students and clients who are at-risk and who are in a position of inferiority;

    d.  In failing to provide any oversight to the employees or staff given the written reports, complaints, and witnessing of these acts of abuse conducted by supervisors and administrators;

    e.  In failing to take proper remedial measures to actively combat allegations of abuse by its employees, staff, or residents despite allegations of such abuse;

    f.  In failing to ensure the safety for residents as required of a mental health and juvenile treatment and/or rehabilitation facility pursuant to 55 Pa.C.S.A. §3680 *et seq*; 55 Pa.C.S.A. §3800 *et seq*; and all other related child abuse mandatory reporting requirement laws applicable to child residential facilities, while Plaintiff was in its custody;

    g.  In dismissing legitimate claims of abuse by Plaintiff and other students similarly situated;

29. As the sole, direct, legal, and proximate result of the negligence of Defendant at the Abraxas facility, as aforesaid, Plaintiff has suffered the following injuries:

    a.  Plaintiff's social ability has been injured to the extent that Plaintiff cannot, or has difficulty with maintaining trust of others, forming friendships and relationships, and continues to isolate himself;

    b.  Plaintiff was deprived of educational opportunities, by the Defendant and;

30. As the sole, direct, legal, and proximate result of the negligence of Defendant at the Abraxas facility, as aforesaid, Plaintiff has suffered the following damages:

   a.  Immense on-going embarrassment and humiliation;

   b.  Loss of self-esteem and shame;

   c.  Emotional distress;

   d.  Nightmares, loss of sleep, anxiety and other physical manifestations of the injuries caused by the events described above.

   e.  Aggravation and/or exacerbation of pre-existing mental anguish and trauma;

   f.  Severe mental anguish and trauma;

   g.  Anxiety, depression, nausea and loss of sleep;

   h.  A loss of enjoyment of life;

   i.  A loss of the ability to form relationships and inability to trust others;

   j.  A loss of earnings and earning capacity during those periods Plaintiff was unable to work due to trauma;

   k.  Loss of educational opportunities and;

31. This incident was caused solely by the carelessness, negligence, and/or recklessness of Defendant and Plaintiff's injuries were in no manner or part whatsoever due to any act or failure on part of Plaintiff.

   **WHEREFORE,** Plaintiff Teriq Coleman demands judgement against Defendant, Abraxas, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

## Count 4 – Negligence (Teriq Coleman v. The GEO Group, Inc.)

26. Plaintiff hereby incorporates all preceding paragraphs by reference as if set forth fully herein.

27. The Defendant and its staff members had a duty to report child abuse when a reasonable belief exists it occurred, and the Defendant breached this duty and failed to notify the proper authorities about the Plaintiff's abuse as required by 55 Pa.C.S.A. §3680 *et seq*; 55 Pa.C.S.A. §3800 *et seq*; and all other applicable child abuse reporting requirement laws related to mandatory abuse reporters and applicable to Defendant's facility.

28. The damages sustained by Plaintiff Teriq Coleman were directly, and proximately caused by the carelessness, negligence, and/or recklessness of the Defendant at the Abraxas facility in the following particulars:

a. In failing to maintain a reasonably safe environment for the patients and juveniles of the facility;

b. In failing to recognize, stop, and deter the employees and staff created an environment where employees and staff were allowed to perform the activities alleged in this pleading;

c. In allowing staff and employees who Defendant knew or reasonably should have known to be inappropriate to have access to juvenile students and clients who are at-risk and who are in a position of inferiority;

d. In failing to provide any oversight to the employees or staff given the written reports, complaints, and witnessing of these acts of abuse conducted by supervisors and administrators;

e. In failing to take proper remedial measures to actively combat allegations of abuse by its employees, staff, or residents despite allegations of such abuse;

f. In failing to ensure the safety for residents as required of a mental health and juvenile treatment and/or rehabilitation facility pursuant to 55 Pa.C.S.A. §3680 *et seq*; 55 Pa.C.S.A. §3800 *et seq*; and all other related child abuse mandatory reporting requirement laws applicable to child residential facilities, while Plaintiff was in its custody;

g. In dismissing legitimate claims of abuse by Plaintiff and other students similarly situated;

h.

32. As the sole, direct, legal, and proximate result of the negligence of Defendant at the Abraxas facility, as aforesaid, Plaintiff has suffered the following injuries:

    a. Plaintiff's social ability has been injured to the extent that Plaintiff cannot, or has difficulty with maintaining trust of others, forming friendships and relationships, and continues to isolate himself;

    b. Plaintiff was deprived of educational opportunities, by the Defendant and;

33. As the sole, direct, legal, and proximate result of the negligence of Defendant at the Abraxas facility, as aforesaid, Plaintiff has suffered the following damages:

    a. Immense on-going embarrassment and humiliation;

    b. Loss of self-esteem and shame;

    c. Emotional distress;

    d. Nightmares, loss of sleep, anxiety and other physical manifestations of the injuries caused by the events described above.

    e. Aggravation and/or exacerbation of pre-existing mental anguish and trauma;

    f. Severe mental anguish and trauma;

    g. Anxiety, depression, nausea and loss of sleep;

    h. A loss of enjoyment of life;

    i. A loss of the ability to form relationships and inability to trust others;

    j. A loss of earnings and earning capacity during those periods Plaintiff was unable to work due to trauma;

    k. Loss of educational opportunities and;

34. This incident was caused solely by the carelessness, negligence, and/or recklessness of Defendant and Plaintiff's injuries were in no manner or part whatsoever due to any act or failure on part of Plaintiff.

**WHEREFORE,** Plaintiff Teriq Coleman demands judgement against Defendant, Abraxas, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

### Count 5 – Negligent Supervision (Teriq Coleman v. Cornell Abraxas Group, LLC)

35. Plaintiff hereby incorporates all preceding paragraphs by reference as if set forth fully herein.

36. The Defendant and its staff members, supervisors, and administrators had a duty to report child abuse when a reasonable belief exists it occurred, and the Defendant breached this duty and failed to notify the proper authorities about the Plaintiff's abuse as required by 55 Pa.C.S.A. §3680 *et seq*; 55 Pa.C.S.A. §3800 *et seq*; and all other applicable child abuse reporting requirement laws related to mandatory abuse reporters and applicable to Defendant's facility.

37. The conduct of the staff during its interactions with the Plaintiff and the actions of the staff against other juvenile students within Plaintiff's view was so outrageous it shocks the conscious.

38. The staff members' conduct, especially **Ms. McLaughlin, Ms. Sorcelli, Ms. Williams, Mr. Johnson, Mr. Griffith, Ms. Diadamo, and Canella,** in assaulting Plaintiff Teriq Coleman, is so outrageous it shocks the conscious.

39. The Defendant gave improper and/or ambiguous orders and failed to make proper regulations related to investigating, preventing, and reporting child in particular regarding the Plaintiff.

40. The Defendants failed to oversee the activities of numerous staff members, including supervisors, employed by the Defendant.

41. The Defendant permitted and failed to prevent negligent or other tortious conduct by persons, including its staff, upon its premises and with instrumentalities under his control.

42. At all times relevant hereto, all treatment and counseling provided to Plaintiff and supervision of Plaintiff was under the direction and supervision of Defendant Abraxas, acting through its agents, employees, servants, workman, and/or independent contractors, including, but not limited to, counselors.

43. Defendant had a duty to enact and maintain policies, procedures, practices, and/or guidelines ("policies", collectively) to ensure that juveniles, such as Plaintiff, received the appropriate and necessary treatment from his assigned counselor.

44. At all times relevant hereto, Defendant had a duty to adequately screen, train, supervise, and discipline employees and prospective employees who would be assigned duties wherein they would treat or supervise juveniles, like Plaintiff.

45. The incidents mentioned in the previous paragraphs were due solely or partially to the negligence, carelessness, recklessness, and/or other liability-producing conduct of Defendant in the following particulars:

    a. In failing to adequately promulgate policies for the screening of prospective and/or hired employees for their fitness to perform treatment to Plaintiff for Defendant and their capacity to use reasonable care to safeguard the health, safety, and welfare of the individuals to whom they were assigned to treat;

    b. In failing to adequately screen prospective and/or hired employees for their fitness to perform treatment to Plaintiff for Defendant and their capacity to use reasonable care to safeguard the health, safety, and welfare of the individuals to whom they were assigned to treat;

    c. In failing to adequately promulgate policies for the training of employees hired to treat patients to use reasonable care to safeguard the health, safety, and welfare of the patients to whom they were assigned to provide care for;

d.  In failing to adequately supervise employees hired to treat patients as to their use of reasonable care in safeguarding the health, safety, and welfare of the individuals to whom they were assigned to treat;

e.  In failing to adequately discipline employees hired to treat patients as to their use of reasonable care in safeguarding the health, safety, and welfare of the individuals to whom they were assigned to provide care for;

f.  In failing to adequately promulgate and enforce policies so as to prevent the abuse of its patients caused by its own employees, agents, and staff hired to treat clients; and

g.  In failing to have and/or enforce policies, procedures, protocols, or guidelines necessary for the safety of patients such as Plaintiff.

46. As the sole, direct, legal, and proximate result of the negligence of Defendant, as aforesaid, Plaintiff has suffered the injuries aforementioned in the preceding paragraphs.

**WHEREFORE,** Plaintiff Teriq Coleman demands judgement against Defendant, Abraxas, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

### Count 6 – Negligent Supervision (Teriq Coleman v. The GEO Group Inc.)

47. Plaintiff hereby incorporates all preceding paragraphs by reference as if set forth fully herein.

48. The Defendant and its staff members, supervisors, and administrators had a duty to report child abuse when a reasonable belief exists it occurred, and the Defendant breached this duty and failed to notify the proper authorities about the Plaintiff's abuse as required by 55 Pa.C.S.A. §3680 *et seq*; 55 Pa.C.S.A. §3800 *et seq*; and all other applicable child abuse reporting requirement laws related to mandatory abuse reporters and applicable to Defendant's facility.

49. The conduct of the staff during its interactions with the Plaintiff and the actions of the staff against other juvenile students within Plaintiff's view was so outrageous it shocks the conscious.

50. The staff members' conduct, especially **Ms. McLaughlin, Ms. Sorcelli, Ms. Williams, Mr. Johnson, Mr. Griffith, Ms. Diadamo, and Canella,** in assaulting Plaintiff Teriq Coleman, is so outrageous it shocks the conscious.

51. The Defendant gave improper and/or ambiguous orders and failed to make proper regulations related to investigating, preventing, and reporting child in particular regarding the Plaintiff.

52. The Defendants failed to oversee the activities of numerous staff members, including supervisors, employed by the Defendant.

53. The Defendant permitted and failed to prevent negligent or other tortious conduct by persons, including its staff, upon its premises and with instrumentalities under his control.

54. At all times relevant hereto, all treatment and counseling provided to Plaintiff and supervision of Plaintiff was under the direction and supervision of Defendant Abraxas, acting through its agents, employees, servants, workman, and/or independent contractors, including, but not limited to, counselors.

55. Defendant had a duty to enact and maintain policies, procedures, practices, and/or guidelines ("policies", collectively) to ensure that juveniles, such as Plaintiff, received the appropriate and necessary treatment from his assigned counselor.

56. At all times relevant hereto, Defendant had a duty to adequately screen, train, supervise, and discipline employees and prospective employees who would be assigned duties wherein they would treat or supervise juveniles, like Plaintiff.

57. The incidents mentioned in the previous paragraphs were due solely or partially to the negligence, carelessness, recklessness, and/or other liability-producing conduct of Defendant in the following particulars:

a. In failing to adequately promulgate policies for the screening of prospective and/or hired employees for their fitness to perform treatment to Plaintiff for Defendant and their capacity to use reasonable care to safeguard the health, safety, and welfare of the individuals to whom they were assigned to treat;

b. In failing to adequately screen prospective and/or hired employees for their fitness to perform treatment to Plaintiff for Defendant and their capacity to use reasonable care to safeguard the health, safety, and welfare of the individuals to whom they were assigned to treat;

c. In failing to adequately promulgate policies for the training of employees hired to treat patients to use reasonable care to safeguard the health, safety, and welfare of the patients to whom they were assigned to provide care for;

d. In failing to adequately supervise employees hired to treat patients as to their use of reasonable care in safeguarding the health, safety, and welfare of the individuals to whom they were assigned to treat;

e. In failing to adequately discipline employees hired to treat patients as to their use of reasonable care in safeguarding the health, safety, and welfare of the individuals to whom they were assigned to provide care for;

f. In failing to adequately promulgate and enforce policies so as to prevent the abuse of its patients caused by its own employees, agents, and staff hired to treat clients; and

g. In failing to have and/or enforce policies, procedures, protocols, or guidelines necessary for the safety of patients such as Plaintiff.

58. As the sole, direct, legal, and proximate result of the negligence of Defendant, as aforesaid, Plaintiff has suffered the injuries aforementioned in the preceding paragraphs.

**WHEREFORE,** Plaintiff Teriq Coleman demands judgement against Defendant, Abraxas, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages

legally recoverable including but not limited to compensatory, special, exemplary, and punitive

damages.

### Count 7 – Negligent Hiring and Retention (Teriq Coleman v. Cornell Abraxas Group)

59. Plaintiff hereby incorporates all preceding paragraphs by reference as if set forth fully herein.

60. Defendant, knew and/or should have known prior to and/or contemporaneous with the relevant time frame during which Plaintiff was abused by staff members that Plaintiff and other young children affiliated and/or associated with Defendant were vulnerable to and potential victims of physical and/or emotional abuse.

61. Defendant, also knew and/or should have known prior to and/or contemporaneous with the relevant time frame during which Plaintiff was abused by staff members that the access to vulnerable youths, together with the trust and authority placed in staff and/or teacher, which makes working at a juvenile residential care facility an enticing profession for predators, and/or others seeking to abuse and exploit children.

62. Defendant, owed a duty to exercise reasonable care in the hiring, certifying, assignment, control, selection and/or retention of staff, teacher, counselor, counselors, priests, clergy, employees, agents, servants, representatives, and/or ostensible agents, situated in and/or located at the Defendants, and specifically a duty to be on high look out for possible pedophiles, predators, and others seeking to abuse and exploit children.

63. Defendant, failed to exercise reasonable care in the hiring, certifying, assignment, control, selection and/or retention of other staff members as staff members, teacher, clergy, employee, agent, servant, representative and/or ostensible agent, among other things, the following:

    a. Failing to conduct a thorough and proper background check of **Ms. McLaughlin, Ms. Sorcelli, Ms. Williams, Mr. Johnson, Mr. Griffith, Ms. Diadamo, and Canella** and other staff members;

b.  Failing to thoroughly and reasonably investigate **Ms. McLaughlin, Ms. Sorcelli, Ms. Williams, Mr. Johnson, Mr. Griffith, Ms. Diadamo, and Canella** and other staff members' or physical abuse history;

c.  Failing to learn of or investigate **Ms. McLaughlin, Ms. Sorcelli, Ms. Williams, Mr. Johnson, Mr. Griffith, Ms. Diadamo, and Canella** and other staff members' history of impropriety with young boys and/or girls and his proclivity to assault young boys and/or girls and/or physical and/or emotional abuse of children;

d.  Failing to conduct a thorough and proper interview of **Ms. McLaughlin, Ms. Sorcelli, Ms. Williams, Mr. Johnson, Mr. Griffith, Ms. Diadamo, and Canella** and other staff members;

e.  Failing to use due care in the selection of **Ms. McLaughlin, Ms. Sorcelli, Ms. Williams, Mr. Johnson, Mr. Griffith, Ms. Diadamo, and Canella** and other staff members as a staff and/or teacher rendering academic, rehabilitation, and/or delinquent services, and/or all other services rendered when standing in loco parentis and/or interacting with children;

f.  Failing to use due care in the retention of **Ms. McLaughlin, Ms. Sorcelli, Ms. Williams, Mr. Johnson, Mr. Griffith, Ms. Diadamo, and Canella** and staff members as a staff and/or teacher rendering academic, rehabilitation, and/or delinquent services, and/or all other services rendered when standing in loco parentis and/or interacting with children;

g.  Recklessly, negligently and/or carelessly failing to adequately check the background of **Ms. McLaughlin, Ms. Sorcelli, Ms. Williams, Mr. Johnson, Mr. Griffith, Ms. Diadamo, and Canella** and staff members, before hiring him as a staff and/or teacher rendering academic, rehabilitation, and/or delinquent services, and/or all other services rendered when standing in loco parentis and/or interacting with children; and

h.  Recklessly, negligently and/or carelessly failing to have policies and procedures in place to screen **Ms. McLaughlin, Ms. Sorcelli, Ms. Williams, Mr. Johnson, Mr. Griffith, Ms.**

**Diadamo, and Canella** and other staff and/or teachers for the possibility of being predators and/or physical and/or emotional abusers.

**WHEREFORE,** Plaintiff Snowden demands judgement against Defendant, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

### Count 8 – Negligent Hiring and Retention (Teriq Coleman v. The GEO Group, Inc.)

49. Plaintiff hereby incorporates all preceding paragraphs by reference as if set forth fully herein.

50. Defendant, knew and/or should have known prior to and/or contemporaneous with the relevant time frame during which Plaintiff was abused by staff members that Plaintiff and other young children affiliated and/or associated with Defendant were vulnerable to and potential victims of physical and/or emotional abuse.

51. Defendant, also knew and/or should have known prior to and/or contemporaneous with the relevant time frame during which Plaintiff was abused by staff members that the access to vulnerable youths, together with the trust and authority placed in staff and/or teacher, which makes working at a juvenile residential care facility an enticing profession for predators, and/or others seeking to abuse and exploit children.

52. Defendant, owed a duty to exercise reasonable care in the hiring, certifying, assignment, control, selection and/or retention of staff, teacher, counselor, counselors, priests, clergy, employees, agents, servants, representatives, and/or ostensible agents, situated in and/or located at the Defendants, and specifically a duty to be on high look out for possible pedophiles, predators, and others seeking to abuse and exploit children.

53. Defendant, failed to exercise reasonable care in the hiring, certifying, assignment, control, selection and/or retention of other staff members as staff members, teacher, clergy, employee, agent, servant, representative and/or ostensible agent, among other things, the following:

a. Failing to conduct a thorough and proper background check of **Ms. McLaughlin, Ms. Sorcelli, Ms. Williams, Mr. Johnson, Mr. Griffith, Ms. Diadamo, and Canella** and other staff members;

b. Failing to thoroughly and reasonably investigate **Ms. McLaughlin, Ms. Sorcelli, Ms. Williams, Mr. Johnson, Mr. Griffith, Ms. Diadamo, and Canella** and other staff members' or physical abuse history;

c. Failing to learn of or investigate **Ms. McLaughlin, Ms. Sorcelli, Ms. Williams, Mr. Johnson, Mr. Griffith, Ms. Diadamo, and Canella** and other staff members' history of impropriety with young boys and/or girls and his proclivity to assault young boys and/or girls and/or physical and/or emotional abuse of children;

d. Failing to conduct a thorough and proper interview of **Ms. McLaughlin, Ms. Sorcelli, Ms. Williams, Mr. Johnson, Mr. Griffith, Ms. Diadamo, and Canella** and other staff members;

e. Failing to use due care in the selection of **Ms. McLaughlin, Ms. Sorcelli, Ms. Williams, Mr. Johnson, Mr. Griffith, Ms. Diadamo, and Canella** and other staff members as a staff and/or teacher rendering academic, rehabilitation, and/or delinquent services, and/or all other services rendered when standing in loco parentis and/or interacting with children;

f. Failing to use due care in the retention of **Ms. McLaughlin, Ms. Sorcelli, Ms. Williams, Mr. Johnson, Mr. Griffith, Ms. Diadamo, and Canella** and staff members as a staff and/or teacher rendering academic, rehabilitation, and/or delinquent services, and/or all other services rendered when standing in loco parentis and/or interacting with children;

g. Recklessly, negligently and/or carelessly failing to adequately check the background of **Ms. McLaughlin, Ms. Sorcelli, Ms. Williams, Mr. Johnson, Mr. Griffith, Ms. Diadamo, and Canella** and staff members, before hiring him as a staff and/or teacher rendering academic,

rehabilitation, and/or delinquent services, and/or all other services rendered when standing in loco parentis and/or interacting with children; and

h.   Recklessly, negligently and/or carelessly failing to have policies and procedures in place to screen **Ms. McLaughlin, Ms. Sorcelli, Ms. Williams, Mr. Johnson, Mr. Griffith, Ms. Diadamo, and Canella** and other staff and/or teachers for the possibility of being predators and/or physical and/or emotional abusers.

**WHEREFORE,** Plaintiff Snowden demands judgement against Defendant, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

### Count 9 - Respondeat Superior (Teriq Coleman v. Cornell Abraxas Group)

54. Plaintiff hereby incorporates all preceding paragraphs by reference as if set forth fully herein.

55. The Defendant and its staff members had a duty to report child abuse when a reasonable belief exists it occurred, and the Defendant breached this duty and failed to notify the proper authorities about the Plaintiff's abuse as required by 55 Pa.C.S.A. §3680 *et seq*; 55 Pa.C.S.A. §3800 *et seq*; and all other applicable child abuse reporting requirement laws related to mandatory abuse reporters and applicable to Defendant's facility.

56. At all times relevant hereto, employees and staff members implicated in the prior paragraphs were acting under the exclusive control, direction, and supervision of Defendant when the negligent acts alleged took place.

57. Employees, supervisors, and staff members engaged in the activity described in prior paragraphs while acting in the course and scope of their employment with Defendant by working with the juveniles at the facility.

58. While serving as servants and agents of Defendant, the supervisors, employees, and staff members implicated by the allegations in the prior paragraphs caused the Plaintiff to suffer the child abuse alleged herein by virtue of their job-created authority.

59. As a result of the foregoing, Defendant is liable for the negligent, reckless, careless, and/or intentional conduct of the employees under the theory of vicarious liability, including the doctrine of Respondeat Superior.

WHEREFORE, Plaintiff Teriq Coleman demands judgement against Defendant, Abraxas, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

### Count 10 - Respondeat Superior (Teriq Coleman v. The GEO Group Inc.)

60. Plaintiff hereby incorporates all preceding paragraphs by reference as if set forth fully herein.

61. The Defendant and its staff members had a duty to report child abuse when a reasonable belief exists it occurred, and the Defendant breached this duty and failed to notify the proper authorities about the Plaintiff's abuse as required by 55 Pa.C.S.A. §3680 *et seq*; 55 Pa.C.S.A. §3800 *et seq*; and all other applicable child abuse reporting requirement laws related to mandatory abuse reporters and applicable to Defendant's facility.

62. At all times relevant hereto, employees and staff members implicated in the prior paragraphs were acting under the exclusive control, direction, and supervision of Defendant when the negligent acts alleged took place.

63. Employees, supervisors, and staff members engaged in the activity described in prior paragraphs while acting in the course and scope of their employment with Defendant by working with the juveniles at the facility.

64. While serving as servants and agents of Defendant, the supervisors, employees, and staff members implicated by the allegations in the prior paragraphs caused the Plaintiff to suffer the child abuse alleged herein by virtue of their job-created authority.

65. As a result of the foregoing, Defendant is liable for the negligent, reckless, careless, and/or intentional conduct of the employees under the theory of vicarious liability, including the doctrine of Respondeat Superior.

WHEREFORE, Plaintiff Teriq Coleman demands judgement against Defendant, Abraxas, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

## Count 11 – Negligent Infliction of Emotional Distress (Teriq Coleman v. Cornell Abraxas Group, LLC)

66. Plaintiff hereby incorporates all preceding paragraphs by reference as if set forth fully herein.

67. The Defendant and its staff members via their negligent acts and/or omissions caused the Plaintiff to suffer extreme and severe emotional pain, suffering, and distress.

68. Plaintiff continues to suffer extreme emotional distress from being abused while a minor at Defendant's facility.

69. Defendant had a duty to protect Plaintiff from harm.

70. Defendant knew Plaintiff was in a more vulnerable position and his safety was entirely with the Defendant's command and control.

WHEREFORE, Plaintiff Teriq Coleman demands judgement against Defendant, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

## Count 12 – Negligent Infliction of Emotional Distress (Teriq Coleman v. The GEO Group, Inc.)

71. Plaintiff hereby incorporates all preceding paragraphs by reference as if set forth fully herein.

72. The Defendant and its staff members via their negligent acts and/or omissions caused the Plaintiff to suffer extreme and severe emotional pain, suffering, and distress.

73. Plaintiff continues to suffer extreme emotional distress from being abused while a minor at Defendant's facility.

74. Defendant had a duty to protect Plaintiff from harm.

75. Defendant knew Plaintiff was in a more vulnerable position and his safety was entirely with the Defendant's command and control.

WHEREFORE, Plaintiff Teriq Coleman demands judgement against Defendant, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

## Count 13 – Intentional Infliction Emotional Distress (Teriq Coleman v. Cornell Abraxas Group, LLC)

76. Plaintiff hereby incorporates all preceding paragraphs by reference as if set forth fully herein.

77. The Defendant and its staff members via their acts and/or omissions caused the Plaintiff to suffer extreme and severe emotional pain, suffering, and distress.

78. Plaintiff continues to suffer extreme emotional distress from being abused while a minor at Defendant's facility.

79. Defendant had a duty to protect Plaintiff from harm.

80. Defendant knew Plaintiff was in a more vulnerable position and his safety was entirely with the Defendant's command and control.

81. Defendant and its staff members' conduct was extreme and outrageous.

WHEREFORE, Plaintiff Teriq Coleman demands judgement against Defendant, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

## Count 14 – Intentional Infliction Emotional Distress (Teriq Coleman v. The GEO Group, Inc.)

82. Plaintiff hereby incorporate all preceding paragraphs by reference as if set forth fully herein.

83. The Defendant and its staff members via their acts and/or omissions caused the Plaintiff to suffer extreme and severe emotional pain, suffering, and distress.

84. Plaintiff continues to suffer extreme emotional distress from being abused while a minor at Defendant's facility.

85. Defendant had a duty to protect Plaintiff from harm.

86. Defendant knew Plaintiff was in a more vulnerable position and his safety was entirely with the Defendant's command and control.

87. Defendant and its staff members' conduct was extreme and outrageous.

**WHEREFORE,** Plaintiff Teriq Coleman demands judgement against Defendant, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

### <u>Count 15 – Breach of Fiduciary Duty (Teriq Coleman v. Cornell Abraxas Group, LLC)</u>

88. Plaintiff hereby incorporates all preceding paragraphs by reference as if set forth fully herein.

89. By virtue of their status as owners and/or supervisors of a juvenile residential care facility, Defendant, bore a fiduciary relationship to plaintiff and other children and persons at Abraxas.

90. Defendant, had fiduciary duties to avoid harming children and to protect them from harm at the hands of staff, teachers, clergy, employees, agents, servants, representatives, and/or ostensible agents hired, certified, assigned, retained, supervised, managed, overseen, directed, administrated, and/or otherwise controlled by and for said Defendants.

91. Defendant breached their fiduciary duties by acting or failing to act in accordance with their fiduciary duties and/or as alleged in this Complaint.

92. Plaintiff suffered the above-averred harms and damages as a result of Defendant's, breach of their fiduciary duty.

**WHEREFORE,** Plaintiff Teriq Coleman demands judgement against Defendant, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

### Count 16 – Breach of Fiduciary Duty (Teriq Coleman v. The GEO Group, Inc,)

82. Plaintiff hereby incorporates all preceding paragraphs by reference as if set forth fully herein.

83. By virtue of their status as owners and/or supervisors of a juvenile residential care facility, Defendant, bore a fiduciary relationship to plaintiff and other children and persons at Abraxas.

84. Defendant, had fiduciary duties to avoid harming children and to protect them from harm at the hands of staff, teachers, clergy, employees, agents, servants, representatives, and/or ostensible agents hired, certified, assigned, retained, supervised, managed, overseen, directed, administrated, and/or otherwise controlled by and for said Defendants.

85. Defendant breached their fiduciary duties by acting or failing to act in accordance with their fiduciary duties and/or as alleged in this Complaint.

86. Plaintiff suffered the above-averred harms and damages as a result of Defendant's, breach of their fiduciary duty.

**WHEREFORE,** Plaintiff Teriq Coleman demands judgement against Defendant, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

### JURY TRIAL DEMAND

146.  Plaintiffs alleges and incorporates via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

147.  Plaintiffs demand a jury on all claims triable as a matter of right.

Respectfully Submitted,

_____

/S/ David Wesley Cornish, Esquire
David Wesley Cornish, Esquire
Bar ID #: 310865
Cornerstone Legal Group, LLC
230 South Broad Street, 17th Floor Philadelphia, PA 19102
**ATTORNEY FOR PLAINTIFF**
*DATE*: March 7, 2026

**VERIFICATION**

The facts set forth in the foregoing Complaint are true and correct to the best of the undersigned's

knowledge, information and belief and are verified subject to the penalties for perjury and unsworn falsification

to authorities and/or the tribunal under both state and United States law.


Respectfully Submitted,

_____

/S/ David Wesley Cornish, Esquire
David Wesley Cornish, Esquire
Bar ID #: 310865
Cornerstone Legal Group, LLC
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 212-444-2039
**ATTORNEY FOR PLAINTIFF**
*DATE*: March 7, 2026